UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVIDA MCDOUGAL, § § *Plaintiff*, § § v. § § TRINITY FINANCIAL SERVICES, LLC § and THE BANK OF NEW YORK § MELLON TRUST COMPANY, § NATIONAL ASSOCIATION FKA THE § BANK OF NEW YORK TRUST § COMPANY, N.A. AS SUCCESSOR TO § JPMORGAN CHASE BANK N.A. AS § TRUSTEE FOR RASC2004-KS2, § § *Defendants.* § | CIVIL NO. 3:19-cv-02256-e |

---

**DEFENDANT TRINITY FINANCIAL SERVICES, LLC'S
REPLY IN SUPPORT OF ITS AMENDED MOTION FOR SUMMARY JUDGMENT**

---

Defendant Trinity Financial Services, LLC ("Trinity") submits the following Reply in Support of its Amended Motion for Summary Judgment and states:

**I. PLAINTIFF'S OPPOSITION FAILS TO CREATE A GENUINE ISSUE OF MATERIAL FACT AS TO HIS DECLARATORY JUDGMENT CLAIM**

The Amended Motion for Summary Judgment clearly outlines the deficiencies to Plaintiff's declaratory judgment claim. Plaintiff seemingly admits that his declaratory judgment is unsubstantiated as he requests an opportunity to replead his cause of action. (Doc. 63 at 6.) Trinity opposes this request as no good cause exists to do so, and Plaintiff has not even ventured to present any good-cause grounds.

Motions to amend pleadings filed outside the deadlines set forth in the Court's Scheduling Order are governed by Federal Rule of Civil Procedure 16(b) rather than under the more lenient

standard of Federal Rule of Civil Procedure 15(a). *See S & W Enter., L.L.C. v. Southtrust Bank of Alabama*, NA, 315 F.3d 533, 535 (5th Cir.2003). Further, under Rule 16(b) a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* (citing Fed. R. Civ. P. 16(b)). *See Navarro v. Microsoft Corp.*, 214 F.R.D. 422, 423 (N. D. Tex. 2003).

Plaintiff filed his original petition on September 20, 2019. Pursuant to the Court's January 9, 2020 Scheduling Order, the *mandatory* deadline for all motions for leave to amend pleadings was March 27, 2020. (Doc. 11 at 1.) Plaintiff failed to file a motion to amend prior to the mandatory deadline. Now, *over two years* after the mandatory deadline to amend pleadings, Plaintiff requests leave to amend *without showing any good cause to do so*. Plaintiff's negligence and/or ignorance of the rules do not constitute good cause. *See Love v. Ford Motor Co.*, 212 F. App'x 292, 295, 2006 WL 3826991, at *2 (5th Cir.2006) (affirming denial of motion to amend brought more than four months past deadline in scheduling order and where the plaintiff offered no explanation for the delay).

Here, given that the two-year delay here well exceeds the four-month delay found inexcusable in *Love* and given the utter lack of explanation for the delay, Plaintiff cannot meet the good-cause standard, and the request to replead his claims should be denied. Plaintiff consequently has failed to create a triable issue of fact as to his declaratory judgment claim and as a result, Trinity is entitled to judgment as a matter of law.

TX-20-78267-DL

Civil No. 3:19-cv-02256-E; *McDougal V. Trinity Financial Services, LLC*
Defendant Trinity's Reply to Response to Amended Motion for Summary Judgment

Page 2 of 5

## II. AMENDMENT WOULD BE FUTILE BECAUSE PLAINTIFF CANNOT SHOW AN ISSUE OF FACT AS TO THE DATE OF ACCELERATION OF THE SECOND DEED OF TRUST

On a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Plaintiff has failed to establish that there is a genuine issue of material fact as to the default and acceleration of the Second Deed of Trust. Defendant metaphysically argues that Defendant's evidence does not prove that the loan was not accelerated. (Doc. 63 at 5.) Defendant in fact does exactly this in stating that the Affidavit is based on a review of "all the necessary documents in Trinity's possession … including prior servicer files which Trinity has incorporated into its own records…." (App. 10, Madden III Aff. ¶ 4, Doc. 62.)

The affidavit thus attests to the fact that on a review of the complete records, including the records of prior servicers, a notice of default and intent to accelerate was mailed to Plaintiff on the second deed of trust on March 26, 2019, (App. 34, Doc. 62); and a notice of acceleration of the Second Deed of Trust was provided to Plaintiff on May 30, 2019. (App. 42, Doc. 62). The Property thereafter was set for foreclosure sale for July 2, 2019. (App. 44, Doc. 62). This evidence on the complete record undisputedly proves that the Second Deed of Trust was not accelerated prior to May 30, 2019. The cause of action for foreclosure thus did not accrue until May 30, 2019 and does not expire until May 30, 2023. Therefore, the four-year statute of limitations does not bar the enforcement of the Second Deed of Trust. *See* Tex. Civ. Prac. & Rem. Code § 16.035(a); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

Civil No. 3:19-cv-02256-E; *McDougal V. Trinity Financial Services, LLC*
Defendant Trinity's Reply to Response to Amended Motion for Summary Judgment

TX-20-78267-DL
Page 3 of 5

Plaintiff has failed to prove with any summary judgment evidence that there was a default and acceleration as to the Second Deed of Trust prior to May 30, 2019. Plaintiff rather relies on a continued conclusory conflation of the March 30, 2009 acceleration date of the First Deed of Trust to create some type of metaphysical doubt as to the acceleration date of the Second Deed of Trust. (Doc. 63 at 2, ¶ 5.) An Appointment of Substitute Trustee however for the First Deed of Trust was recorded as Instrument No. 200900089233 on March 30, 2009, in the real property records of Dallas County, Texas. (App. 93).[1] Based on the summary judgment record and evidence, it is undisputed that it was the First Deed of Trust, not the Second, that was accelerated on March 30, 2009.

Trinity has provided evidence of when both the Notice of Default and Intent to Accelerate and the Notice of Acceleration regarding the Second Deed of Trust were mailed to Plaintiff. (App. 34, App. 42.) Plaintiff cannot dispute Trinity's summary judgment evidence that the statute of limitations on the Second Deed of Trust did not accrue until May 30, 2019. Therefore, Trinity's request for summary judgment should be granted.

### III. CONCLUSION

Based on the foregoing, Plaintiff's opposition fails to create a genuine issue of material fact that Plaintiff's declaratory judgment claim fails as a matter of law. Defendant Trinity Financial Services, LLC respectfully requests that the Court grant this Amended Motion for Summary Judgment, and dismiss Plaintiff's request for relief with prejudice. Defendant Trinity Financial

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Trinity respectfully requests that the Court take judicial notice of the publically recorded Appointment of Substitute Trustee.

Civil No. 3:19-cv-02256-E; *McDougal V. Trinity Financial Services, LLC*
Defendant Trinity's Reply to Response to Amended Motion for Summary Judgment

TX-20-78267-DL
Page 4 of 5

Services, LLC further requests that the Court grant all other and further relief in law or in equity to which they may be entitled.

                                        Respectfully submitted,

**MCCARTHY & HOLTHUS, LLP**

/s/ Ramona V. Ladwig
Ramona Ladwig / SBN: 24092659
rladwig@ mccarthyholthus.com
1255 West 15th Street, Suite 1060
Plano, TX 75075
214-291-3800 (Telephone)
214-291-3801 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**TRINITY FINANCIAL SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I submitted the foregoing to the Clerk of the United States District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the Court, and that I served all counsel of record listed below in accordance with Federal Rule of Civil Procedure 5(b)(2) on November 8, 2022.

| | |
|---|---|
| Jason Andrew LeBoeuf<br>2435 N. Central Expwy., Ste. 1200<br>Richardson, TX 75080<br>jason@leboeuflawfirm.com<br>ATTORNEY FOR PLAINTIFF<br>   *via CM/ECF* | Emily G. Stroope<br>Melinda L. Hogan<br>6688 N. Central Expwy., Ste. 400<br>Dallas, TX 75206<br>estroppe@mcglinchey.com<br>mhogan@mcglinchey.com<br>ATTORNEYS FOR DEFENDANT BANK OF NEW YORK MELLON TRUST COMPANY<br>   *via CM/ECF* |

                                        /s/ Ramona Ladwig
                                        Ramona Ladwig

Civil No. 3:19-cv-02256-E; *McDougal V. Trinity Financial Services, LLC*
Defendant Trinity's Reply to Response to Amended Motion for Summary Judgment

TX-20-78267-DL
Page 5 of 5