## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVIDA MCDOUGAL, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2256-E-BK |
| | § | |
| TRINITY FINANCIAL SERVICES, | § | |
| LLC, ET AL., | § | |
| DEFENDANTS.[1] | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 4. Now before the Court is *Defendant Trinity Financial Services, LLC's Amended Motion for Summary Judgment*, Doc. 60. For the reasons that follow, Defendant's motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff initiated this action in state court to prevent the foreclosure of her home (the "Property"). She claims that in November 2003, she and her husband executed a Deed of Trust (the "Deed") to secure a loan for $128,700.00 and a Purchase Money Security Document (the "PMSD") to secure a loan for $14,300.00 with their lender Sebring Capital Partners, LP ("Sebring"), which named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of both security instruments. Doc. 1-3 at 4. Plaintiff alleges that in March 2009, the debt owed under "the Loan" was declared in default and accelerated, which led to the Property

---

[1] Claims against the other Defendant, The Bank of New York Mellon Trust Company National Association, were already dismissed.

being posted for foreclosure.  Doc. 1-3 at 4-5.  Upon Defendant's later acceleration of the debt

owed under the PMSD, Plaintiff filed this action pursuant to the Texas Declaratory Judgment

Act ("TDJA") seeking to void the PMSD due to Defendant's alleged failure to foreclose on the

Property within the applicable four-year statute of limitations.  Doc. 1-3 at 5-6.  After removing

the case to this Court based on diversity jurisdiction, Doc. 1 at 2-5, Defendant filed this amended

summary judgment motion pursuant to Federal Rule of Civil Procedure 56, Doc. 60.

Defendant's summary judgment evidence reveals the following undisputed facts.  In

March 2009, MERS filed an "Appointment of Substitute Trustee," noting that Plaintiff and her

spouse had defaulted under the terms of the Deed and the debt secured thereby had been

accelerated.  Doc. 62 at 93.  A foreclosure sale of the Property did not occur, and in November

2012, MERS assigned the PMSD to The Bank of New York Mellon.  Doc. 62 at 27.  By 2016,

the PMSD had been assigned to Defendant.  Doc. 62 at 29, 31, 33.  In March 2019, Defendant

sent Plaintiff a "Notice of Default and Intention to Accelerate" the debt secured by the PMSD.

Doc. 62 at 36.  In May 2019, after Plaintiff did not cure the default, Defendant accelerated the

PMSD and set the foreclosure sale of the Property for July 2, 2019.  Doc. 62 at 42.

## II. APPLICABLE LAW

Summary judgment shall be granted when the record "shows that there is no genuine

dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of

law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  A dispute

regarding "a material fact is genuine . . . if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  When ruling on a motion for summary judgment, the court is required to "view all facts

and inferences . . . in the light most favorable to the nonmoving party" and resolve all disputed

facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)* (citation omitted). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III. ANALYSIS

#### A. Evidentiary Objections

As a threshold matter, Plaintiff objects to the Court's consideration of (1) the *Declaration of Brandon Hakari*, as it was attached to Defendant's allegedly withdrawn, prior summary judgment motion; and (2) her "deemed" admissions to Defendant's requests for admissions, as Defendant failed to properly serve the requests on Plaintiff by sending them via email. Doc. 63 at 6; Doc. 63-1 at 1. First, the Court finds the declaration to be competent summary judgment evidence as Plaintiff does not deny that it satisfies the admissibility standard set out in Federal Rule of Civil Procedure 56. *See* FED. R. CIV. P. 56(c)(4) (For a declaration to be admissible, it "must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated."). Next, because Plaintiff did not consent in writing to service via email, as required by Federal Rule of Civil Procedure 5, the Court does not consider the "deemed" admissions in ruling on Defendant's summary judgment motion. *See* FED. R. CIV. P. 5(b)(2)(E) (stating that service is valid by electronic means only if the recipient consented in writing). Nevertheless, as discussed *infra*, Defendant's motion for summary judgment should be granted based on the remaining competent summary judgment evidence.

### B. Declaratory Judgment

Defendant asserts it is entitled to summary judgment (1) because the TDJA does not apply to federal court proceedings, and (2) if the action is construed as seeking relief under the federal Declaratory Judgment Act ("FDJA"), Plaintiff's failure to assert an underlying substantive claim is fatal because the FDJA is a "procedural device that create[s] no substantive rights." Doc. 61 at 6-7. Plaintiff argues that she has standing to sue under the FDJA since (1) she is the title owner of the Property; (2) Defendant's lien and attempt to foreclose on the Property present an ongoing controversy; and (3) until the Court voids Defendant's lien, there is a "significant possibility of future harm," namely a foreclosure sale which would deprive Plaintiff of title to the Property. Doc. 63 at 4.

Where, as here, a declaratory judgment action filed in state court is removed to federal court, that action is converted into one brought under the FDJA. *Lakiesha v. Bank of N.Y. Mellon*, No. 3:15-CV-0901-B, 2015 WL 5934439, at *12 (N.D. Tex. Oct. 9, 2015) (Boyle, J.) (citation omitted). However, the FDJA does not create a freestanding cause of action. "In a case of actual controversy within its jurisdiction," the FDJA only authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In other words, the FDJA "enlarge[s] the range of remedies available in the federal courts" but does not create a new right to seek those remedies. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *see Okpalobi v. Foster*, 244 F. 3d 405, 423 n.31 (5th Cir. 2001) ("[T]he law makes clear that—although the [FDJA] provides a *remedy* different from an injunction—it does not provide an additional cause of action with respect to the underlying claim.") (emphasis in original).

Here, while Plaintiff may have standing to seek a declaratory judgment under the FDJA based on the impending foreclosure sale of the Property, by relying solely on the FDJA to support her case, she fails to allege an independent cause of action. *Skelly Oil Co.*, 339 U.S. 667, 671 (1950). Thus, because the FDJA is procedural and does not create a right of action, Defendant is entitled to summary judgment on Plaintiff's FDJA claim.

### B. Statute of Limitations

Defendant next argues that even if Plaintiff had raised a viable underlying claim, she is not entitled to declaratory relief on her statute of limitations ("SOL") argument. Doc. 61 at 7-8. Specifically, Defendant asserts that (1) Plaintiff erroneously conflates the acceleration dates of the Deed and PMSD by referring to them as one "Loan"; (2) under Texas law, the four-year SOL to file a claim for the foreclosure of a real property lien begins the day after the cause of action accrues; (3) the accrual date is the day the holder of the note exercises the acceleration option; (4) a different loan servicer accelerated the amount due under the Deed in March 2009; (5) Defendant did not accelerate the PMSD until May 30, 2019; and (6) Defendant thus has until May 30, 2023 to foreclose on the Property. Doc. 61 at 7-9.

Plaintiff alleges that (1) "the [PMSD] and accompanying documents are referred to as the Loan"; (2) "the Loan was declared in default and then accelerated on or about March 2009 by Defendant or [its] predecessors in interest"; (3) Defendant is precluded from foreclosing on the Property under the PMSD as it has been more than four years since the debt was accelerated; and (4) Defendant's evidence does not establish that the debt was not previously accelerated. Doc. 63 at 2-3, 5.

Under Texas law, a party must bring suit for "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE §

16.035(a).  If, as here, a "deed of trust secured by real property contains an optional acceleration clause, . . . the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (citations omitted).  If, however, a lender abandons the acceleration, by agreement or unilateral action, prior to the expiration of the limitations period, "the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration." *Bliss v. Bank of Am. N.A.*, No. 05-18-00476-CV, 2019 WL 2353445, at *3 (Tex. App.—Dallas 2019) (citation omitted); *see Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 679-80 (5th Cir. 2015) (finding that the new loan servicer abandoned the prior servicer's acceleration when it did not pursue foreclosure but, rather, sought payments of less than the entire balance owed).  "There is no single form abandonment may take." *Bliss*, 2019 WL 2353445, at *3 (finding that a second notice of acceleration letter "conclusively proved abandonment of the earlier acceleration"); *Clawson v. GMAC Mortg., LLC*, No. 3:12-CV-00212, 2013 WL 1948128, at *4 (S.D. Tex. May 9, 2013) (holding that the loan servicer's recorded "notice of rescission" abandoned the acceleration of the deed of trust); *cf. Fitzgerald v. Harry*, No. 02-02-330-CV, 2003 WL 22147557, at *5 (Tex. App.—Fort Worth 2003, no pet.) (finding that the lender's "unflagging persistence in pursuit of foreclosure after the initial acceleration" did not constitute abandonment).

Here, Defendant's summary judgment evidence establishes that if the Deed and PMSD are separate security interests, then the PMSD's isolated acceleration in 2019 began the accrual of a new limitations period, which would run in 2023.  *Wolf*, 44 S.W.3d at 566.  Conversely, even if the Deed and PMSD are construed as a single lien on the same real property, Defendant may still seek foreclosure under the PMSD.  This is so because while MERS accelerated the debt

owed under the Deed in 2009, MERS did not foreclose on the Property, and its subsequent assignment of the PMSD to a new loan servicer in 2012 unilaterally abandoned its acceleration of the Deed and, thereby, reset the SOL.  *See Bliss*, 2019 WL 2353445, at *3 (finding that abandonment may occur in various forms).  As such, Defendant's claim for the PMSD default did not accrue until it exercised its option to accelerate in March 2019, and the foreclosure sale date of July 2, 2019, was well within the four-year SOL.

Even when the facts are viewed and disputes resolved in favor of Plaintiff, there is no genuine issue of material fact as to whether the SOL voids Defendant's ability to foreclose on the Property under the PMSD, in light of *Wolf* and *Leonard*.  Moreover, Plaintiff's argument that Defendant failed to establish that the debt secured by the PMSD had not previously been accelerated is without merit.  Defendant's business records affidavit states that the declarant (1) reviewed "all the necessary documents in [Defendant's] possession . . . including prior servicer files which [it] incorporated into its own records"; and (2) found no documents showing the debt owed under the PMSD was accelerated prior to 2019.  Doc. 62 at 10, 12.  The absence of such records is sufficient to establish that the debt owed under the PMSD was not previously accelerated because such information is regularly kept by Defendant.  *See* FED. R. EVID. 803(7) (stating that the absence of a record of a regularly conducted activity may be admissible to show that the event did not occur).

## C.  Leave to Amend

Plaintiff seeks leave to amend her complaint if the Court determines that a declaratory judgment is the wrong mechanism to void the PMSD.  Doc. 63 at 6.  Defendant argues that (1) Plaintiff does not establish good cause to amend pursuant to Federal Rule of Civil Procedure 16(b); and (2) permitting the amendment would be futile as Plaintiff presents no evidence

beyond "metaphysical" assertions that the acceleration of the debt secured by the Deed also accelerated the PMSD debt.  Doc. 64 at 1-4.

Pursuant to the Court's *Scheduling Order*, the deadline for filing a motion for leave to amend pleadings was March 27, 2020.  Doc. 11 at 1.  Rule 16(b) governs the "amendment of pleadings after a scheduling order deadline has expired."  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).  The rule states that "[a] schedule may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  "The good cause standard requires the party seeking relief to show that the deadline[] [could not] reasonably be met" despite the movant's diligence.  *S&W Enters., L.L.C.*, 315 F.3d at 535 (quotation and citations omitted).  In determining whether to grant an untimely motion for leave to amend, the court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997) (quotation and citation omitted).

Plaintiff has not demonstrated good cause to permit amendment.  First, Plaintiff fails to provide sufficient justification for her delay in moving for leave to amend by stating only that she "should be entitled to and respectfully requests leave to re-plead [her] cause of action as necessary."  *See id.* at 536 (stating that the first factor weighs against the plaintiff if it offers "effectively no explanation" for its delay).  Second, even if Plaintiff could theoretically assert a substantive claim, under the factual bases she asserts she is not entitled to relief, so any amendment would be futile.  *Cf. Thomas v. St. Joseph Health Sys.*, No. 5:20-CV-028-H, 2022 WL 4349319, at *8 (N.D. Tex. Sept. 19, 2022) (Hendrix, J.) (finding amendment important as the plaintiff's amended claim could result in recovery as the plaintiff had sued the wrong

defendant).  Third, Defendant would be prejudiced by Plaintiff's tardy attempt to amend her complaint.  *See Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (finding prejudice to a defendant when a plaintiff untimely seeks to amend his complaint to avoid summary judgment).  Fourth, a "continuance is not advisable at such a late stage," it being three years after the expiration of the deadline to amend and Plaintiff's case is not viable.  *King*, 2011 WL 5242464, at *3 (denying leave to amend where the motion was filed 11 months after the deadline to amend and plaintiff's other claims had been dismissed).  Under these circumstances, leave to amend is not appropriate.

## IV. CONCLUSION

For the foregoing reasons, *Defendant Trinity Financial Services, LLC's Amended Motion for Summary Judgment*, Doc. 60, should be **GRANTED**, and summary judgment be entered in Defendant's favor.

**SO RECOMMENDED** on May 1, 2023.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

9

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).